# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LARRY E. EALY, | : |
| Plaintiff, | : |
| | Case No. 3:08cv00286 |
| vs. | : |
| | Chief District Judge Susan J. Dlott |
| | : Magistrate Judge Sharon L. Ovington |
| OFFICER SHANE DUFFEY, *et al.*, | |
| | : |
| Defendants. | |
| | : |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Larry E. Ealy brings this case *pro se* under 42 U.S.C. §§1983 and 1985 claiming that several named defendants violated his rights, and conspired to violate his rights, under the United States Constitution. The Court's prior description of Plaintiff's factual allegations (Doc. #3 at 1-2) is incorporated herein by reference.

At beginning of this case, the Court granted Plaintiff's application to proceed *in forma pauperis*. On November 5, 2008, the Court directed that all costs of service shall be advanced by the United States and further directed the Clerk of Court to serve a summons and a copy of Plaintiff's Complaint "upon the named defendants as directed by Plaintiff." (Doc. #5 at 2).

The record, however, does not indicate that Plaintiff contacted the Clerk of Court regarding service, that Plaintiff submitted to the Clerk of Court any completed summons forms as required by S.D. Ohio Civ. R 4.1, or that service has been accomplished as

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

required by Fed. R. Civ. P. 4(m). As a result, on March 13, 2009, the Court ordered Plaintiff to show cause why his case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) or due to his lack of prosecution. (Doc. #7).

The case is presently before the Court upon Plaintiff's Response to the Show Cause Order (Doc. #8) and the record as a whole. Plaintiff explains that he has not been contacted by the Clerk's office and that he "was under the impression that once service was completed by the Court that the Defendants would have filed ... a responsive pleading assuming service was complete." (Doc. #8). Plaintiff requests "that the cause continue where service was completed on November 5, 2008." *Id*.

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effect service of summons and complaint "within 120 days after the filing of the complaint...." If timely service is not accomplished, Rule 4(m) requires the Court – "upon motion or on its own initiative after notice to the plaintiff" – to dismiss the action without prejudice as to any defendant not timely served. "Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999)(original italics). Absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)(and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996); *see also Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999); *Campbell v. United States*, 496 F.Supp. 36, 39 (E.D. Tenn. 1980). District courts also have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Although Plaintiff was granted leave to proceed IFP in this case, this did not alter or remove his burden to effect service through the Clerk of Court. The Court, moreover, previously notified the Clerk of Court to effect service "upon the named defendants <u>as directed by Plaintiff</u>." (Doc. #5 at 2)(emphasis added). Yet Plaintiff did not contact the Clerk regarding service, and Plaintiff's assumption that service was accomplished on November 5, 2008 – the same date the Court ordered the Clerk to effect service as directed by Plaintiff – directly conflicts with the record. In addition, Plaintiff's response to the Order to Show Cause does not indicate that he faced some impediment or circumstance that prevented him from contacting the Clerk regarding service and does not otherwise indicate why he believed that service had been accomplished on November 5, 2008, when the record clearly reveals that service had not even been attempted. Under these circumstances, although the Court prefers to adjudicate cases on the merits, dismissal of Plaintiff's Complaint is warranted under Fed. R. Civ. P. 4(m). *See Friedman*, 929 F.2d at 1156 (and cases cited therein).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 4(m); and

2. The case be terminated on the docket of this Court.


May 6, 2009

                                           s/ Sharon L. Ovington
                                                   Sharon L. Ovington
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).